**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL CURTIS REYNOLDS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:26-cv-01400-DWD** |
| | ) | |
| **WARDEN RUDOLPH,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Petitioner Michael Curtis Reynolds's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and his Motion for Declaratory Judgment and Temporary Restraining Order (Doc. 2). The Petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which Rule 1(b) of those Rules allows the Court to apply to § 2241 petitions. Rule 4 requires dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Reynolds asks the Court to recalculate his sentence and order his release. Because his claims challenge the validity of his convictions and sentence, they belong in a § 2255 motion in the court that sentenced him. The narrow exception that would allow them under § 2241 does not apply, so this Court lacks jurisdiction to hear them. His related challenge to his prison classification cannot proceed in a habeas action. The Petition is therefore dismissed without prejudice, and Doc. 2 is denied.

## I Background

Reynolds is a federal prisoner at FCI Greenville. (Doc. 1, pg. 1). In 2007, a jury in the Middle District of Pennsylvania convicted him on five counts, and he was sentenced to 360 months' imprisonment. *United States v. Reynolds*, 374 F. App'x 356, 359 (3d Cir. 2010). In 2012, the sentencing court dismissed his first motion to vacate his sentence under 28 U.S.C. § 2255. Later, with authorization, he filed a successive § 2255 motion based on *Sessions v. Dimaya*, 584 U.S. 148 (2018), which the sentencing court denied. *Reynolds v. United States*, No. 3:21-cv-00901-SMY, Doc. 6, pgs. 2–3 (S.D. Ill. July 21, 2022).

Reynolds titles the present Petition a motion "for the duration of a sentence in a calculation error correction of that sentence"—that is, as the correction of an error in calculating his sentence. (Doc. 1, pg. 1). He raises four arguments. First, the terrorism enhancement under U.S.S.G. § 3A1.4 rests on facts found by the judge rather than the jury, contrary to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 1, pgs. 1–2). Second, his counts should have been grouped and his sentences run concurrently, which he says would cap his sentence at 240 months, the highest statutory maximum among his counts. (*Id.*, pgs. 1, 3). Third, relying on *Dimaya* and *United States v. Davis*, 588 U.S. 445 (2019), he contends that two of his convictions are invalid because each depends on a "crime of violence": Count Three, for solicitation to commit a crime of violence under 18 U.S.C. § 373, and Count Four, for distributing explosives information with the intent that it be used to commit a federal crime of violence under 18 U.S.C. § 842(p)(2). (Doc. 1, pg. 3); *see Reynolds*, 374 F. App'x at 359 n.1. Fourth, citing decisions he calls "Taylor/Tsarnaev," he contends that federal arson

requires only recklessness, so the attempted arson underlying his charges was legally impossible. (Doc. 1, pg. 3). With those changes, plus good-time credit and halfway-house placement, Reynolds calculates that his sentence has already expired, and he asks the Court to recalculate it and order his immediate release. (*Id.*, pgs. 3–4).

Reynolds also objects to how the Bureau of Prisons uses Counts Three and Four. He says the Bureau relies on them in decisions about his placement and programming. (Doc. 1, pg. 4). In Doc. 2, he seeks a declaratory judgment and a temporary restraining order barring officials from describing any of his offenses as a "crime of violence" in Bureau records, including his custody-classification and risk scores. (Doc. 2, pgs. 1, 4–5). He contends that, after *Dimaya*, none of his offenses is a crime of violence. He relies on the judicial-review provision of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), and on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), a decision about how courts review an agency's interpretation of a statute. (*Id.*, pgs. 1, 4).

## II Discussion

### A Dismissal of the Petition

A federal prisoner may use § 2241 to challenge the execution of his sentence, such as the Bureau's computation of credit under the existing judgment, but a challenge to the validity of his conviction or sentence ordinarily must be brought by a § 2255 motion in the sentencing court. See *Valona v. United States*, 138 F.3d 693, 694–95 (7th Cir. 1998); 28 U.S.C. § 2255(a). The substance of the claim, not its label, determines which remedy applies. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Although Reynolds titles his Petition a sentence-calculation correction, none of his four arguments challenges the

Bureau's calculation of the sentence the court imposed. Each instead seeks to reduce that sentence or to invalidate a conviction, and his good-time and halfway-house figures depend on the reduced sentence. (Doc. 1, pgs. 1–4). His claims are therefore collateral attacks on his convictions and sentence, which he may pursue under § 2241 only if § 2255(e) permits.

Section 2255(e) bars a court from entertaining a § 2241 application from a prisoner whom the sentencing court has denied § 2255 relief, unless the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That exception, known as the saving clause, covers only "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). The § 2255 remedy is not inadequate or ineffective because the sentencing court may have erred, or because § 2255(h)—which allows a second or "successive" § 2255 motion only on narrow grounds and with the court of appeals' permission—bars another motion. *Id.* at 480–82. Reynolds identifies no circumstance making it impossible or impracticable to seek relief in the Middle District of Pennsylvania, where he has already litigated two § 2255 motions. He alleges instead that the sentencing court erred and that later decisions undercut his convictions and sentence. Under *Jones*, those allegations do not make § 2255 inadequate or ineffective, even though § 2255(h) may bar him from filing another motion. The saving clause therefore does not apply.

Section 2255(e) creates a limit on the Court's subject-matter jurisdiction. *Agofsky v. Baysore*, 160 F.4th 857, 865 (7th Cir. 2025). Because the saving clause does not apply, the

Court lacks jurisdiction over Reynolds's challenges to his convictions and sentence. A dismissal for lack of jurisdiction must be without prejudice. *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017). Those challenges are therefore dismissed without prejudice.

That leaves Reynolds's challenge to how the Bureau classifies him. Habeas corpus is not a permissible route for challenging the conditions of confinement when the challenge would not affect the duration of custody, even indirectly. *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011). Insofar as Reynolds wants his classification changed because Counts Three and Four are invalid, the request is part of the collateral attack over which the Court lacks jurisdiction. Insofar as he contends that the Bureau mislabels his offenses even if his convictions stand, he challenges the conditions of his confinement, and he identifies no way in which a different classification would shorten his custody under the existing judgment. Those claims are not cognizable under § 2241 and are dismissed without prejudice.

### B MOTION FOR DECLARATORY JUDGMENT AND TEMPORARY RESTRAINING ORDER

Doc. 2 rests on the premise of the Petition's third argument: that, after *Dimaya*, none of Reynolds's offenses is a crime of violence. Insofar as that premise depends on invalidating Counts Three and Four, Doc. 2 renews the collateral attack that the Court lacks jurisdiction to hear and "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). Styling the request as one for a declaratory judgment does not change that result, because the Declaratory Judgment Act does not extend the Court's jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Nor

does invoking the APA and *Loper Bright*, which changes only the label of the claim, not its substance. *See Melton*, 359 F.3d at 857. Insofar as Reynolds contends that the Bureau mislabels convictions that stand, Doc. 2 raises the conditions claim that, as explained above, cannot proceed in this habeas action. Because no claim remains on which Reynolds could succeed, Doc. 2 is denied.

## III CONCLUSION

For these reasons, the Petition (Doc. 1) is **DISMISSED** without prejudice: Reynolds's challenges to his convictions and sentence for lack of subject-matter jurisdiction, and any independent conditions claims as not cognizable under § 2241. The Motion for Declaratory Judgment and Temporary Restraining Order (Doc. 2) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**SO ORDERED.**

Dated: October 28, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.10.28 11:05:33 -05'00'

DAVID W. DUGAN
United States District Judge